J-S17034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ELMER L. DAVENPORT, | : | |
| | : | |
| Appellant | : | No. 1941 EDA 2016 |

Appeal from the PCRA Order May 25, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0314421-1991

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MAY 10, 2017**

Elmer L. Davenport ("Davenport"), *pro se*, appeals from the dismissal

of his Petition for Writ of *Habeas Corpus*.[1]  We affirm.

In July 1992, Davenport was convicted of murder of the second

degree, rape, and theft by unlawful taking.  The trial court sentenced

Davenport to an aggregate term of life in prison.  This Court affirmed the

---

[1] Davenport's Petition was treated as one filed under the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  It is well-settled that any petition or motion filed after the judgment of sentence becomes final will be treated as a petition filed pursuant to the PCRA.  ***See Commonwealth v. Jackson,*** 30 A.3d 516, 521 (Pa. Super. 2011).  Indeed, the PCRA is the sole means of obtaining collateral relief, and subsumes all other remedies where the PCRA provides a remedy for the claim.  ***See*** 42 Pa.C.S.A. § 9542 (providing that a PCRA petition is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when it takes effect, including *habeas corpus* and *coram nobis*.").  In the Petition, Davenport argues that his sentence was illegal because the statute setting forth the sentence for murder of the second degree was vague and therefore void.  Because Davenport filed his Petition after his judgment of sentence became final, and the PCRA provides a remedy for his claim, the PCRA court properly treated the Petition as a PCRA Petition.

judgment of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal. **See Commonwealth v. Davenport**, 663 A.2d 246 (Pa. Super. 1995) (unpublished memorandum), **appeal denied**, 666 A.2d 1051 (Pa. 1995).

In April 1996, Davenport filed his first PCRA Petition, which the PCRA court subsequently dismissed. This Court affirmed the dismissal. **See Commonwealth v. Davenport**, 734 A.2d 433 (Pa. Super. 1998) (unpublished memorandum), **appeal denied**, 738 A.2d 455 (Pa. 1999).

On October 14, 2015, Davenport filed the instant PCRA Petition. The PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 Notice. After Davenport filed a Response, the PCRA court dismissed his PCRA Petition. Davenport filed a timely Notice of Appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *Albrecht*, 992 A.2d at 1094.

Here, Davenport's PCRA Petition was patently untimely. Further, Davenport did not plead or prove any timeliness exceptions.[2] Thus, the PCRA court properly dismissed Davenport's Petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/2017

---

[2] We note that claims challenging the legality of sentence may only be considered if the reviewing court has jurisdiction. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).